KOWALSKI *v.* GUARANTY TRUST CO.

1. EXECUTORS AND ADMINISTRATORS—CLAIMS AGAINST DECEDENT'S
   ESTATE—PROBATE COURT.
   Any claim for services rendered by plaintiff, who was
   brought up in the home of deceased as his daughter,
   but not legally adopted, should be presented in the probate
   court.

2. SPECIFIC PERFORMANCE—CONTRACT MUST BE SPECIFICALLY SET
   FORTH.
   If plaintiff relies on a contract between decedent and his
   wife, with whom plaintiff lived, whereby deceased agreed
   to make provision for her, and such contract is enforce-
   able, its terms must be set out with such particularity in
   the bill that specific performance may be decreed.

3. SAME — EQUITY—ALLEGATIONS INSUFFICIENT TO CONFER JURIS-
   DICTION.
   In a suit by plaintiff who was brought up in the home of
   deceased as his daughter but never legally adopted, al-
   legations in the bill that deceased agreed with his wife to
   make provision for plaintiff as if she were a daughter,
   and that plaintiff's only adequate relief in unrequited
   compensation for her labors and the performance of her
   duties as if she were their child is in a court of equity,
   and praying for a decree for performance, *held,* insufficient
   to confer jurisdiction on a court of equity.

Appeal from Wayne; Goff (John H.), J.   Sub-
mitted June 8, 1923.   (Docket No. 95.)   Decided
July 19, 1923.   Rehearing denied October 1, 1923.

Bill by Pearl Spaulding Kowalski against the
Guaranty Trust Company, administrator of the estate
of John M. Spaulding, deceased, and others to estab-
lish an equitable interest in said estate.   From a de-
cree dismissing the bill, plaintiff appeals.   Affirmed.

*James H. Pound,* for plaintiff.

*Goodenough, Voorhies, Long & Ryan,* for defendants.

SHARPE, J.    Plaintiff appeals from a decree dismissing her bill of complaint on motion.

It is difficult to summarize the averments of the bill, and its length precludes our quoting it in full.    We gather therefrom that plaintiff was taken into the home of John M. Spaulding and Alice G. Spaulding when a small infant and grew into girlhood believing herself to be their daughter; that she was always treated as such.    In one paragraph it is alleged that she was adopted by Mr. Spaulding, in another that he agreed with his wife that he would adopt her; that she was baptized as his child and was married from his then home in Washtenaw county; that he—

"held her out to all people he came in contact with as his daughter, and promised to give to her, and did give to her, as his heir at law, as much as a legally born child of him, the said John M. Spaulding, the same as any child he might have had, if he, the said John Miles Spaulding, had died intestate, and plaintiff was concededly his legal and lawful heir."

That John M. Spaulding and Alice G. Spaulding separated and he afterwards married again, several children having been born as a result of such marriage; that at the time of the separation they had a "quarrel" over whom plaintiff should go with, and that she remained in his home until her marriage.    It is alleged that John M. Spaulding is dead; of the date of his death we are not informed.    The bill describes certain parcels of real estate said to have been owned by him at his death, worth upwards of $30,000, and alleges that his personalty was of the value of $75,000. It is then averred that plaintiff's only adequate relief—

"in unrequited compensation for her labors and the performance of her duties, as if she were their child"—

is in a court of equity.

The following relief is prayed for:

(1) That plaintiff "may be declared to be the equitable child of John M. Spaulding by contract."

(2) That the administrator of Spaulding's estate and his heirs, named as defendants,—"be decreed to specifically to perform the promises made by him, deceased to this plaintiff, and to Mrs. Alice Spaulding, his wife, as to the provisions he should make for her as to his adopted child to her interest and benefit."

(3) That she should be decreed compensation for the service rendered by her, and have such further and other relief as may be agreeable to equity and good conscience.

The grounds of the motion to dismiss filed by the administrator were:

(*a*) That plaintiff has an adequate remedy at law for any claim for compensation for services rendered.

(*b*) That it appears by the bill that the plaintiff was not legally adopted by Mr. Spaulding.

(*c*) That any parol agreement by him to make plaintiff his legal heir would be void under section 11977, 3 Comp. Laws 1915.

(*d*) "That the allegations as to promises made by deceased are of so vague and uncertain a nature that defendants should not be required to make answer thereto."

Any claim which plaintiff may have for services rendered the deceased should be presented in the probate court. It is apparent that plaintiff makes no claim that she was legally adopted by Mr. Spaulding. If plaintiff relies on a contract made between Mr. and Mrs. Spaulding by which the former agreed to make provision for her, and such contract is enforceable, its terms must be set out with such particularity that

specific performance may be decreed. It is clear that no such contract is averred.

The bill contains no allegations conferring jurisdiction on a court of equity. The decree dismissing it is affirmed, with costs to defendants.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.